```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                         FORT MYERS DIVISION
```

OLGA ROLON and ERNESTO ROLON, SR.,

    Plaintiffs,

v.                                  Case No: 2:15-cv-305-FtM-29DNF

ONE WEST BANK FSB,

    Defendant.

_____

## OPINION AND ORDER

This matter comes before the Court on review of Plaintiffs' Complaint and Motion for Temporary Restraining Order (Doc. #1) filed on May 14, 2015. For the reasons set forth below, the motion is denied and Plaintiffs' Complaint is dismissed without prejudice to filing an Amended Complaint within fourteen days of this Opinion and Order.

**I.**

Plaintiffs seek a temporary restraining order to enjoin a foreclosure auction of their property. According to Plaintiffs, the auction is scheduled for June 3, 3015 pursuant to an order from an unspecified Florida state court. Plaintiffs' motion must be denied because the Court lacks subject matter jurisdiction under the Rooker-Feldman doctrine.

The Rooker-Feldman[1] doctrine "places limits on the subject matter jurisdiction of federal district courts and courts of appeal over certain matters related to previous state court litigation." Goodman v. Sipos, 259 F.3d 1327, 1332 (11th Cir. 2001). Under the Rooker-Feldman doctrine, "federal district courts cannot review state court final judgments because that task is reserved for state appellate courts or, as a last resort, the United States Supreme Court." Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009). Accordingly, a federal district court lacks jurisdiction over "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine extends not only to constitutional claims presented or adjudicated by a state court, but also to claims that are "inextricably intertwined" with a state court judgment if plaintiff had a reasonable opportunity to raise those claims in the state proceedings. Goodman, 259 F.3d at 1332; Siegel v. LePore, 234 F.3d 1163, 1172 (11th Cir. 2000); Amos v. Glynn County Board of Tax Assessors, 347 F.3d 1249, 1266 n.11 (11th Cir. 2003). A claim is inextricably intertwined with

---

[1] See Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983).

the state court adjudication when federal relief can only be predicted upon a finding that the state court was wrong. Goodman, 259 F.3d at 1332.

Here, Plaintiffs' request for injunctive relief is premised entirely on their contention that the state court erred in issuing a judgment of foreclosure and ordering a foreclosure auction. Therefore, their claim is inextricably intertwined with the state court proceedings.  Plaintiffs contend that the Court should prevent the foreclosure auction because Plaintiffs have been denied a proper validation of their mortgage debt as required by the Real Estate Settlement Procedures Act (RESPA) and the Fair Debt Collection Practices Act (FDCPA).  While the Court takes no position as to whether Defendant's alleged RESPA and FDCPA violations would be sufficient grounds to prevent foreclosure, Plaintiffs were free to present these arguments in the state court foreclosure proceeding and there is no evidence or allegation that they were not given a reasonable opportunity to do so. Accordingly, under the Rooker-Feldman doctrine, the Court lacks jurisdiction to consider the propriety of the state court's foreclosure order.  Therefore, Plaintiffs' motion for a temporary restraining order will be denied for lack of subject matter jurisdiction.

**II.**

Plaintiffs filed their Complaint and Motion for Temporary Restraining Order as one discreet document. (Doc. #1.) Thus, it is unclear whether Plaintiffs seek to proceed on their RESPA and FDCPA causes of action absent the ability to prevent the foreclosure auction. To the extent Plaintiffs seek relief other than preventing the foreclosure auction, Plaintiffs may file an Amended Complaint more clearly setting forth their claim(s) and requested relief.

The Amended Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citation omitted). To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level." Id. at 555. See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010). This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted). To satisfy these requirements, Plaintiffs must clearly describe how Defendant is involved in each alleged claim and provide factual support for the alleged violations. To that end, the Court encourages Plaintiff

to review the "Proceeding Without a Lawyer" section of this Court's website at www.flmd.uscourts.gov. The website includes tips, frequently asked questions, sample forms, and a "Guide for Proceeding Without a Lawyer."

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion for Temporary Restraining Order (Doc. #1) is **DENIED.**

2. The Complaint is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __18th__ day of May, 2015.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies: Counsel of record